AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Zachary Snoderly | ) | Case No. 3:25-mj-71023 MAG |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 20, 2025__ in the county of __San Mateo__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252(a)(4)(B) | Possession of Child Pornography |
| 18 U.S.C. 2252(b)(2) | |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

Approved as to form /s/ Jean Fundakowski
AUSA

/s/
*Complainant's signature*

Richard Salaz, HSI Task Force Officer
*Printed name and title*

Sworn to before me by telephone.

Date: 08/22/2025

*Judge's signature*

City and state: San Francisco, CA

Hon. Sallie Kim, U.S. Magistrate Judge
*Printed name and title*

FILED
Aug 25 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Richard Salaz, III, a Task Force Officer with Homeland Security Investigations ("HSI"), do swear and affirm as follows:

**INTRODUCTION AND AGENT EXPERIENCE**

1. This Affidavit is made in support of an application for a Criminal Complaint and Arrest Warrant charging Zachary Martin SNODERLY (SNODERLY) with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), on or about June 20, 2025, in the Northern District of California.

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a Criminal Complaint and Arrest Warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

4. I am a Task Force Officer ("TFO") with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), assigned to the Border Enforcement Security Taskforce ("BEST") at the San Francisco International Airport and have been so employed since April 2024. Before April 2024, I was a Senior Federal Air Marshal with the Federal Air Marshal Service.

5.	My law enforcement training included training provided by Homeland Security Investigations; basic police and investigations training at the Federal Law Enforcement Training Center in Artesia, New Mexico; and the Federal Air Marshal Training Program in Atlantic City, New Jersey.  This training involved performing federal criminal investigations, police tactics, firearms skills, interview and interrogation procedures, surveillance, and court procedures.

6.	As an HSI TFO, I am authorized by law to conduct investigations, to execute search warrants, and to make arrests for violations of federal law, including 18 U.S.C. §§ 2252 and 2252a, as well as other offenses related to child pornography.  I am an investigator and law enforcement officer of the United States with the meaning of 18 U.S.C. § 2510(7), and am empowered by law to conduct investigations, to execute search warrants, and to make arrests for offenses of federal law, including offenses set forth in 18 U.S.C. § 2252.

## APPLICABLE STATUTE

7.	18 U.S.C. § 2252(a)(4)(B) provides that any person who knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if—(i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct; shall be punished as provided in subsection (b) of this section.

## STATEMENT OF PROBABLE CAUSE

8.	In June 2025, San Francisco Customers and Border Protection (CBP) officers encountered SNODERLY at the San Francisco International Airport (SFO).  SNODERLY is a U.S. citizen who lives in Thailand and made the trip to visit his father in Idaho.  On June 20, 2025, SNODERLY flew from Bangkok, Thailand through Narita, Tokyo, to SFO.  At the time of

SALAZ AFF. IN SUPPORT OF CRIMINAL COMPL.

2

this trip, SNODERLY had been placed on a CBP lookout for secondary inspection and questioning related to possession of child pornography. After SNODERLY arrived at SFO, he underwent second inspection by CBP. SNODERLY informed the CBP officers that he was a teacher in Thailand and that he was traveling to Idaho to visit his father for three weeks.

9. CBP asked SNODERLY if he was in possession of any digital contraband on any of his digital devices, such as videos or images that pose a threat to national security or which contain bestiality or child pornography. SNODERLY hesitated to answer and then replied that he had personal images of himself and his girlfriend. Without making eye contact with the CBP officers, he declared that he did not have any digital contraband.

10. CBP determined that it would conduct a Basic Media Search[1] of SNODERLY's digital devices. SNODERLY provided passwords to his Apple iPhone 15 PRO and his Apple MacBook Air laptop, and two Western Digital hard drives. CBP seized those devices as well as SNODERLY's Apple iWatch and U.S. passport.

11. SNODERLY provided the password to the PhotoVault application on his iPhone. CBP asked SNODERLY again if he had any digital contraband, and he replied "probably." When CBP asked SNODERLY to clarify which type of contraband, SNODERLY stated "child pornography." He told CBP that he used Telegram to download child pornography.

12. Within the PhotoVault application, CBP found 3 albums: "Main Album (37 files); First Album (514 files); and Saves (38 files) that appeared to contain child sexual abuse material (CSAM). These images were stored within an application called "PhotoVault." CBP also found several images that depicted prepubescent children posing in erotic positions with the camera focusing on the genital region. Some of the photos appeared to be snapshots of children in public places and what appeared to be minor children in a classroom setting.

13. CBP also found what appeared to be videos of minors removing their clothing on SNODERLY's laptop, and a downloads folder containing a large number of images and

---

[1] A Basic Media Search is a manual, non-forensic search.
SALAZ AFF. IN SUPPORT OF CRIMINAL COMPL.

3

videos. SNODERLY admitted that the hard drives contained 100 gigabytes of digital material, including one folder named "NK2," which was short of Naughty Kids. CBP did not search the hard drives, but SNODERLY provided the passwords to access them.

14.     After these initial searches, CBP officers contacted me because I was the on-duty HSI agent at SFO at that time. I, along with another HSI agent, conducted an interview with SNODERLY, which was recorded. I asked some initial questions concerning SNODERLY's basic personal information and confirmed the passport belonged to him. SNODERLY informed me that he is 36 years old and is currently employed as a second-grade teacher in Bangkok, Thailand. SNODERLY stated that he had been living in Thailand for 11 years. I then read SNODELY the *Miranda* warnings from a Statement of Rights waiver. SNODERLY verbally confirmed that he understood his rights and then signed and dated the waiver form.

15.     SNODERLY stated that he admitted to CBP that he was in possession of child pornography, and that the two hard drives seized by CBP contained more than 100 gigabytes of child pornography.

16.     SNODERLY was released to CBP for processing. All the electronic devices he had and his passport remained in HSI custody.

## SNODERLY PLANS TO RETURN TO THAILAND

17.     On August 21, 2025, I was notified by CBP that SNODERLY had made plans to go to Thailand on Sunday, August 24, 2025. SNODERLY is booked on Flight NH125, which will departing Los Angeles Airport at 5:15pm on Sunday and arriving in Bangkok, connecting through Haneda Airport in Japan.

18.     The passport that CBP seized from SNODERLY on June 20, 2025, had remained in continuous law enforcement custody. I learned through a law enforcement database that SNODERLY had been issued a new U.S. passport on August 15, 2025.

## CONCLUSION

19. Based on the aforementioned facts and circumstances, there is probable cause to believe that on or about June 20, 2025, in the Northern District of California, SNODERLY knowingly possessed child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Accordingly, I respectfully request that the Court issue a Criminal Complaint and warrant for his arrest.

                             _____/s/_____
                             RICHARD F. SALAZ, III
                             Task Force Officer, Homeland Security
                             Investigations

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P 4.1 on this 22nd day of August 2025.

/ *[signature]*

HON. SALLIE KIM
United States Magistrate Judge
Northern District of California

SALAZ AFF. IN SUPPORT OF CRIMINAL COMPL.

5

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: [X] COMPLAINT  [ ] INFORMATION  [ ] INDICTMENT  [ ] SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 2252(a)(4)(B) & (b)(2)

[ ] Petty
[ ] Minor
[ ] Misdemeanor
[X] Felony

PENALTY:
Maximum Imprisonment: 10 years
Maximum Supervised Release: 3 years
Maximum Fine: $250,000
Restitution: $3,000 per victim
Special Assessment: $100
Maximum Special Assessment for CSAM Cases: $17,000

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**DEFENDANT - U.S**
▶ Zachary Snoderly

DISTRICT COURT NUMBER
3:25-mj-71023 MAG

**FILED**
Aug 25 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Department of Homeland Security/HSI

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   [ ] U.S. ATTORNEY  [ ] DEFENSE

SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form: Craig H. Missakian
[X] U.S. Attorney  [ ] Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Jean Fundakowski

**DEFENDANT**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) [ ] If not detained give date any prior summons was served on above charges ▶
2) [ ] Is a Fugitive
3) [ ] Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) [ ] On this charge
5) [ ] On another conviction     [ ] Federal  [ ] State
6) [ ] Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  [ ] Yes  [ ] No
If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

[ ] This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
[ ] SUMMONS  [ ] NO PROCESS*  [X] WARRANT     Bail Amount: $25,000

If Summons, complete following:
[ ] Arraignment  [ ] Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:        Before Judge:

Comments: